IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS MIROLA (TDCJ No. 1935276), | § § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:17-cv-1888-N-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Jesus Mirola, a Texas inmate proceeding *pro se*, has filed a Notice of Appeal, *see* Dkt. No. 3, which has been construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons explained below, the Court should deny Mirola's motion to stay and abate this proceeding, *see* Dkt. No. 7, and dismiss his construed federal habeas application, under Rule 4 of the Rules Governing Section 2254 Cases, without prejudice to his right to fully exhaust his state-court remedies.

**Applicable Background**

Mirola initially "received ten years' deferred adjudication community supervision" after pleading guilty to "indecency with a child by contact (count one) and indecency with a child by exposure (count three)." *Mirola v. State*, No. 10-14-00181-CR, 2015 WL 4985250, at *1 (Tex. App. – Waco Aug. 20, 2015, pet. ref'd); *see State v. Mirola*, No. F46009 A (413th Dist. Ct., Johnson Cty., Tex.). At some point thereafter,

> [t]he State moved to proceed with an adjudication of guilt, alleging numerous violations by Mirola of his community-supervision conditions. After a hearing in which Mirola pled "not true" to the allegations, the trial court found all of the alleged violations to be "true," adjudicated Mirola guilty on each count, and revoked Mirola's community supervision. The trial court assessed punishment on count one at twenty years' imprisonment and on count three at ten years' imprisonment, probated for ten years' community supervision with attendance at the Intermediate Sanctions Facility a condition of community supervision.

*Mirola*, 2015 WL 4985250, at *1.

The trial court's judgments were affirmed on appeal. *See generally id.* And the Texas Court of Criminal Appeals (the "CCA") refused Mirola's petition for discretionary review ("PDR"). *See Mirola v. State*, PD-1264-15 (Tex. Crim. App. Feb. 3, 2016). Mirola then sought state-habeas relief at some point. And, on June 14, 2017, the CCA dismissed his habeas application "for non-compliance with Texas Rules of Appellate Procedure 73.1." *Ex parte Mirola*, WR-86,657-01 (Tex. Crim. App. Apr. 7, 2017).

Mirola "appeals" that dismissal to this Court. Dkt. No. 3 at 1. And, in response to a court-entered notice of deficiency, *see* Dkt. No. 4, Mirola now moves that this proceedings be stayed and abated while he returns to state court, *see* Dkt. No. 7 ("Mirola erroneously filed a 'notice of appeal' in this Court. He did so in an effort to preserve his Federal Habeas Corpus rights under the AEDPA's 1 year limitation period. His misguided appeal attempt was focused on the [ notice of dismissal from the CCA]." (emphasis omitted)).

**Legal Standards and Analysis**

<u>Stay and Abeyance</u>

Since the enactment of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), federal courts have recognized a limited stay-and-abeyance doctrine in Section 2254 cases applicable to claims in a federal habeas application that a petitioner failed to exhaust in state court:

> Federal district courts may not adjudicate mixed petitions for habeas corpus containing both unexhausted and exhausted claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). For many years, federal courts dismissed such petitions without prejudice under *Rose*, but the introduction of the one-year statute of limitations under AEDPA made such dismissals effectively final. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Because the filing of a federal habeas petition does not toll the statute of limitations, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), a petitioner returning to state court to pursue unexhausted claims contained in a mixed petition is unlikely to be able to do so and return to federal court before the statute of limitations runs. *See Rhines*, 544 U.S. at 275.

*United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1042-43 (N.D. Ill. 2008).

"When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines*, 544 U.S. at 277-78). But, "[b]ecause a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" *Id.* (quoting *Rhines*, 544 U.S. at 277); *see also Rhines*, 544 U.S. at 277 ("[E]ven if a petitioner had good cause for [the] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly

meritless." (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."))).

Focusing just on the second *Rhines* factor, the Court should deny Mirola's motion to stay and abate. His failure to explain to this Court – either in his construed Section 2254 application or his motion to stay and abate – what claims he wishes to pursue in this Court prevents the Court from determining whether any claim is not plainly meritless. *Cf. Jones v. Stephens*, No. 3:14-cv-3134-D-BH, 2015 WL 5052296, at *5 (N.D. Tex. July 15, 2015) ("As to the second *Rhines* factor, Petitioner has also not shown that his many unexhausted claims are meritorious. Because he presented claims that are almost wholly unexhausted, and the trial court has conducted no fact-finding, he can only speculate that his claims have merit." (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioners bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"))), *rec. adopted*, 2015 WL 5076802 (N.D. Tex. Aug. 27, 2015), *C.O.A. denied*, No. 15-10927 (5th Cir. June 24, 2016).

And, to the extent that a claim Mirola plans to present to this Court was not presented to the CCA in his PDR, that claim is likely procedurally defaulted and potentially barred. A procedurally-barred claim is "plainly meritless." *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) ("[U]nexhausted claims are 'plainly meritless'" if a petitioner is "procedurally barred from raising those claims in state court. Except

under extraordinary circumstances, Texas law does not permit successive petitions." (citing TEX. CODE CRIM. PROC. 11.071, § 5(a))). And, as this Court has recognized, a habeas applicant's failure to comply with Texas Rule of Appellate Procedure 73.1 constitutes procedural default:

> A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *See Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *see also Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006) ("A federal habeas court 'will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground.'" (quoting *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004))). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982); *see also Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999).
>
>> The State of Texas prescribes the form to be used by applicants for state habeas relief and requires that the legal and factual grounds be identified on the 11.07 form. TEX. R. APP. P. 73.1. Texas courts enforce the requirement that an applicant specify the grounds for relief within the pages of the prescribed form, *e.g., Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006), and such requirements have been upheld by the United States Supreme Court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim...."). [The] failure to comply with required state procedures with respect to the[ applicable] claims constitutes procedural default.
>
> *Rodriguez v. Thaler*, Civ. A. No. V-09-28, 2012 WL 3276713, at *6 (S.D. Tex. Aug. 8, 2012) (citations omitted); *see Samuelson v. Thaler*, No. 3:12-cv-299-P-BK, 2012 WL 6107948, at *2 (N.D. Tex. Nov. 13, 2012) ("While Petitioner raised IAC in a subsequent state application, that application was dismissed as noncompliant with Texas Rule of Appellate Procedure 73.1. Thus, Petitioner's IAC claims were not properly presented to the highest court in Texas, and his failure to exhaust constitutes a procedural

> default that bars this Court from considering his claims." (citations omitted)), *rec. accepted,* 2012 WL 6122171 (N.D. Tex. Dec. 10, 2012); *Whinery v. Director, TDCJ-CID*, No. 9:10cv192, 2011 WL 5600512, at *2 (E.D. Tex. Nov. 17, 2011) ("the failure to comply with required state procedures to present a claim constitutes procedural default" (citations omitted)); *see also Galbraith v. Director TDCJ-CID*, No. 4:11cv756, 2015 WL 1504405, at *5-*8 (E.D. Tex. Apr. 1, 2015); *cf. Espinoza v. Stephens*, No. 3:13-cv-3686-L, 2014 WL 5013408, at *7 (N.D. Tex. Oct. 7, 2014) (observing that "[i]t was Petitioner's obligation to comply with the state appellate rules in his first state habeas application" (discussing Rule 73.1)).

*Gullatt v. Davis*, No. 3:16-cv-637-N-BN, 2017 WL 2773959, at *1-*2 (N.D. Tex. May 25, 2017), *rec. accepted,* 2017 WL 2773959 (N.D. Tex. June 26, 2017).

<u>Exhaustion</u>

As Mirola's motion to stay and abate makes clear, he believes that at least some claims he wishes to present to the Court are unexhausted.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose*, 455 U.S. at 518))). In Texas, a prisoner must present his claims to the CCA in a PDR or an

application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

Because Mirola admits that he has failed to exhaust state-court remedies as to at least some of his federal-habeas claims in a procedurally correct manner, his construed Section 2254 application should be dismissed without prejudice under Rule 4. *See, e.g.*, *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

**Recommendation and Direction to the Clerk of Court**

The Court should deny the motion to stay and abate this proceeding [Dkt. No. 7] and, under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the construed 28 U.S.C. § 2254 habeas application without prejudice to Mirola's right to fully and properly exhaust state-court remedies and serve a copy of any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the construed habeas petition on the Texas Attorney General, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE